FILED
JOHN P. HEHMAN
CLERK

2014 JAN 22 PM 3: 23

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

## UNITED STATED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| SHONITA M. BLACK, | : | Case No. 1:12-cv-503 |
| Plaintiff, | : | Chief Judge Dlott |
| | : | Magistrate Judge Litkovitz |
| vs. | : | |
| | : | **STIPULATED HIPPA QUALIFIED** |
| HAMILTON COUNTY PUBLIC DEFENDER | : | **PROTECTIVE ORDER** |
| COMMISSION, et al. | : | |
| Defendants. | : | |

### PURPOSE AND DEFINITIONS

The purpose of this Stipulated Qualified Protective Order ("Order") is to facilitate the release and use of Plaintiff's protected health and medical information obtained with Plaintiff's HIPAA-compliant authorization or otherwise voluntarily produced health and medical information both marked HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY (individually and collectively known as "Protected Health Information").

For the purposes of this Order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected Health Information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

The Court recognizes that disclosure and discovery activity are likely to arise that will require the disclosure of highly sensitive and private details concerning the Plaintiff's protected health information within the meaning of Federal Rule of Civil

Procedure 26(c). Good cause exists to protect this information from public disclosure. In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information.

Therefore, the Order protects Plaintiff's privacy right under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") described in 45 C.F.R. § 164.512(e), and under the Protected Health Information provisions of Title 37, Chapter 3798 of the Ohio Revised Code, by limiting the use of that protected health information.

Accordingly, the Court **ORDERS** that the parties shall adhere to the following:

## ORDER

The parties stipulate that Plaintiff's Health Information is protected, and, therefore, the disclosure and use of that Protected Health Information shall be conducted pursuant to the following conditions for the relevant disclosure period of July 1, 2008 through April 30, 2014:

1. **Designation of Protected Materials:** This Order shall govern all Protected Health Information obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of this litigation.

**A. Protected Materials.** In connection with discovery proceedings in this action, parties shall designate all Protected Health Information as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (collectively referred to as "Protected Material").

**B. Utilization of Protected Material.** All protected materials disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Order. Protected materials, whether oral or written, shall be maintained in confidence, and shall be disclosed only as provided in the following paragraphs.

    i. Attorneys of record and their employees who are engaged in assisting in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" in Exhibit A;

    ii. Independent consultants or experts retained by Defendants or their Attorneys in connection with this action, including jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors);

        a. The consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's curriculum vitae, and a copy of the executed Agreement to be bound;

    iii. The Court and its personnel;

    iv. Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

    v. Professional vendors and their employees, including copy services, engaged by counsel;

    vi. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and

    vii. Defendants where any designated Protected Health Information is determined by Trial Counsel or by order of this Court to be relevant to

the claims made by Plaintiff and the defense to the action by Defendants.

**C. Redaction of Protected Material.** Any protected materials that contain irrelevant information relating to any member of the Plaintiff's family shall be immediately redacted from the materials.

**D. Pagination of Protected Material.** Defense counsel will provide a complete copy of all protected health information obtained to Plaintiff. At that time, Plaintiff may verify the number of pages within the set with Defense counsel.

**E. Reproduction Protected Material.** Counsel of record may reproduce the protected health information as the need arises in this litigation. Counsel shall provide notice of dissemination of protected health information outside of instances consistent with provision (4) as detailed below.

**F. Deposition of Protected Material.** Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

> i. Any party may designate any portion or all of a deposition as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

> ii. Any party may also designate any portion or all of a deposition as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties separately in writing within thirty days of receipt of the transcript. In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY for a period of thirty days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

**2. Non-Disclosure Requirement:** Except as provided herein, none of Plaintiff's Health Information obtained from any source shall be disclosed or used by anyone or

by any entity for any purpose, without Plaintiff's explicit written consent.

3. **Acknowledgment Requirement:** In order to protect Plaintiff's Protected Health Information under this Order, any counsel, employee of Defendant, or agent or employee of any recipient who intends to disclose Plaintiff's Protected Health Information to anyone other than Plaintiff or Defendant, or their attorneys or employees ("Others"), for substantive purposes, shall first provide such Others a complete copy of this Order and shall obtain from such Others a signed Acknowledgment of the requirements of this Order in the form attached as Exhibit "A". A signed Acknowledgment is not required for disclosure to the court, mediator, or jury.

4. **Procedures for Filing Health Information:** The Plaintiff's Protected Health Information and any portion submitted into evidence in this litigation shall be sealed and not available for public scrutiny. Any pleading filed or lodged with the Court containing documents or referencing documents subject to this Order shall be filed under seal and if filed in paper form presented for filing in a separate, sealed envelope with the cover page of the pleading on the outside of the envelope and bearing the following legend, in substance:

> **SUBJECT TO PROTECTIVE ORDER:** *The contents of this envelope are confidential, filed under seal, and are subject to a protective order of this Court. The contents are not to be made public except upon order of the Court.*

It is further agreed that Health Information submitted for purposes of Mediation or Evidence Rule 408 settlement communications are not to be considered public disclosures of Protected Health Information.

5. **Return of All Copies:** Within ninety (30) days after the final conclusion of the above-captioned case by fully-executed non-litigation settlement agreement, filed

5

stipulation for dismissal with prejudice, or final judgment (i.e., a judgment as to which the time for appeal has run), Defendant's counsel shall return all Protected Health Information to Plaintiff. Counsel for Defendant shall provide written confirmation to Plaintiff that counsel for Defendant has returned all copies of Plaintiff's Protected Health Information.

This paragraph shall not apply to Protected Health Information retained by the Courts, and court reporters for the specifically allowable uses, disclosures, and maintenance stated in paragraph 1(b), above, and such Health Information need not be returned or destroyed.

**6. Jurisdiction and Governing Law:** The Court in which the above- captioned case arose shall have jurisdiction to enforce or modify this Order under its applicable laws. Subject to any contrary provision of Ohio or federal law, no citation, contempt or other sanction shall be imposed pursuant to the law without a hearing and proof, to the satisfaction of the Court, of a breach of this Order.

**7. Continuing Enforceability:** All provisions of this Order shall continue to be binding after the conclusion of the above-entitled case, unless otherwise agreed by the parties or ordered by a Court.

**APPROVED AND SO ORDERED.**

DATED: _____

_[signature]_

*Pro Se* Plaintiff

_____ _[signatures]_

Attorneys for Defendants

_____
United States Judge/United States Magistrate Judge

6

## APPENDIX A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| SHONITA M. BLACK, | : | Case No. 1:12-cv-503 |
| Plaintiff, | : | Chief Judge Dlott |
| | : | Magistrate Judge Litkovitz |
| vs. | : | |
| HAMILTON COUNTY PUBLIC DEFENDER COMMISSION, et al. | : | STIPULATED HIPPA QUALIFIED PROTECTIVE ORDER |
| Defendants. | : | |

I, __Pamela J. Sears__, hereby acknowledge that I received a copy of the Protective Order in this action. I read and understood the Protective Order and agree to be bound by its provisions. I agree not to copy or use any HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information that may be provided to me for any purpose other than in connection with my retention in connection with this action, and I agree not to reveal any such information to any person not authorized by the Protective Order.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio in connection with any proceedings concerning enforcement of the Protective Order.

Dated: 1/24/14

Signed: _[signature]_

## APPENDIX A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| SHONITA M. BLACK, | : | Case No. 1:12-cv-503 |
| Plaintiff, | : | Chief Judge Dlott |
| | : | Magistrate Judge Litkovitz |
| vs. | : | |
| HAMILTON COUNTY PUBLIC DEFENDER COMMISSION, et al. | : | STIPULATED HIPPA QUALIFIED PROTECTIVE ORDER |
| Defendants. | : | |

I, __Kathleen H. Bailey__, hereby acknowledge that I received a copy of the Protective Order in this action. I read and understood the Protective Order and agree to be bound by its provisions. I agree not to copy or use any HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY information that may be provided to me for any purpose other than in connection with my retention in connection with this action, and I agree not to reveal any such information to any person not authorized by the Protective Order.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio in connection with any proceedings concerning enforcement of the Protective Order.

Dated: __1/31/14__

Signed: __[signature]__