UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHONITA BLACK,                                      Case No. 1:12-cv-503
        Plaintiff,                                  Dlott, J.
                                                    Litkovitz, M.J.

vs.

SHELIA KYLE-RENO, et al.,                           **ORDER**
        Defendants.

This matter is before the Court on defendants' motion to reconsider the Court's Order

granting plaintiff's Motion to Quash Subpoenas to Produce Educational Records (Doc. 43) and

plaintiff's memorandum in opposition (Doc. 45).

As a general practice, a district court will find justification for reconsidering an

interlocutory order when there is (1) an intervening change of controlling law; (2) new evidence

available; or (3) a need to correct a clear error or prevent manifest injustice. *Louisville/Jefferson*

*Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez v.*

*Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Defendants

have not established any of these grounds for reconsideration in this case. Defendants reargue

their position as to why plaintiff's educational records are relevant to this lawsuit. They contend

the records are relevant to the issue of whether plaintiff was terminated for incompetence from

her job as Attorney Guardian ad Litem nearly four years after she was hired, and they explain

why they disagree with the Court's analysis and conclusion to the contrary in its Order granting

plaintiff's motion to quash. (Doc. 42). Defendants have not demonstrated a manifest error of

law in the Court's analysis rejecting their position or in the Court's conclusion that the third-

party subpoenas must be quashed. Nor have defendants come forward with newly-discovered

evidence or demonstrated a change in the law such that the Court should reconsider its decision to quash the subpoenas.

Defendants further argue that to the extent the Court considers the language in the subpoenas to be overbroad, the remedy imposed by the Court is "not an adequate remedy." (Doc. 43 at 6, citing *Catrone v. Miles*, 160 P.3d 1204, 1215 (Ariz. Ct. App. 2007) (upholding trial court order allowing production of disabled sibling's special education records after in camera review, on a "need to know" basis, in medical malpractice action involving disabled child; evidence was presented showing those records were relevant to a central issue of whether child's disabilities were caused by medical negligence or were part of family characteristics and history). Defendants argue that the Court should strike the catch-all phrase in the subpoenas requiring production of "any" educational records and limit production to those "'educational records' which bear on Plaintiff's cognitive and/or vocational abilities and competence." (Doc. 43 at 6). Defendants describe these records as the educational records specifically requested in the subpoenas; *i.e.*, "records relied upon by the university in its admission of Shonita Black such as an ACT or SAT score and/or high school transcripts, [and] records of courses or classes taken by Shonita Black at the university including the grades in any such courses or classes Shonita Black earned[.]" (Doc. 39, Exhs. 1, 2). As previously found by the Court, defendants made no specific allegations in opposition to plaintiff's motion to quash to show that plaintiff's "educational records," including those records specified in the subpoenas, may be relevant to this lawsuit. (Doc. 42 at 5). In their motion to reconsider, defendants have likewise failed to make specific allegations to show these educational records may be relevant. Nor have defendants submitted any evidence such as that presented in *Catrone*, 160 P.3d 1204, to demonstrate the

2

evidence they seek may be relevant.  Thus, limiting the subpoenas to the specific records identified therein does not remedy the issue with the subpoenas.

Defendants also raise a concern in the motion to reconsider that if they are denied access to plaintiff's educational records, they will be unable to rebut testimony plaintiff may present at trial regarding any educational or professional award or accolade she has received outside her employment with the public defender's office.  It is unclear what the connection may be between plaintiff's educational records and any professional accolades or awards she has received in other employment positions and why defendants could not rebut any evidence presented on these matters without access to plaintiff's educational records.  With respect to any educational credentials and accolades, both sides will be limited at trial to introducing evidence that is material to the claims and defenses at issue and that has been disclosed during discovery.  Thus, defendants' concern that they will be unfairly prejudiced at trial if they are unable to obtain plaintiff's educational records is unfounded.

Accordingly, because defendants have not shown a valid reason for the Court to reconsider its prior ruling, defendants' motion for reconsideration (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

Date: _3/31/2014_

Karen L. Litkovitz
United States Magistrate Judge

3